IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-127-BR

| | |
|---|---|
| FRANK BRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER and** |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| FED EX OFFICE MANAGER ALEX | ) |
| HANSEN and BILL UNKNOWN LAST | ) |
| NAME; JO ANN FABRICS; CITY OF | ) |
| ORLANDO, FL POLICE DEPARTMENT | ) |
| OFFICER JAMES STRAWN; | ) |
| U.S. CUSTOMS OFFICERS KEN BRETT | ) |
| and PETER COOPER and DOTTLE; | ) |
| RICHARD, MARION, RICKY and | ) |
| CAROLINE GERTZ FAMILY; | ) |
| UNKNOWN WHITE WOMAN FLORIDA | ) |
| PLATE (BLACK HAT); INGLESSES | ) |
| EVANGELICAL CHURCH - JOE | ) |
| CAMPASZANO; JIM LYONS, JOHN | ) |
| LYONS, RED HEAD COUSIN FROM | ) |
| ROXBORO, PA, DENISE O'DONNEL, ST. | ) |
| JAMES CATHOLIC CHURCH; ROBERT | ) |
| LAUFF and MALE COUSIN LAUFF, MR. | ) |
| HERMAN THEIR COUSIN and MIKE | ) |
| UGLER OF TRINITY LUTHERAN | ) |
| CHURCH; FELICIA BRUNO, DAVID | ) |
| HILNE LAW FIRM WITH BILL SHULTZ | ) |
| AND DAVID BELL and THEIR RABBIES, | ) |
| PASTOR TYRONE, GILLIAM SAINT | ) |
| PETER CHURCH AND HIS 2 FRIENDS; | ) |
| and HARRY SHREFFLER, | ) |
| | ) |
| Defendants. | ) |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Frank Brett ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned

Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. Also before the court for decision is plaintiff's motion (D.E. 2) to file this case under seal.[1]

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## ORDER ON MOTION TO SEAL CASE

Plaintiff's motion to seal this case consists of only two sentences: "My life has been threatened many times and I have been hit by cars many times. One time by Stacy Johnson on 7/1/10." (Mot. 1). The court finds these statements to be wholly insufficient to support an argument that the case should be sealed under the applicable legal standards. *See Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (discussing the standards for sealing court records). Accordingly, the motion to be sealed is DENIED. The Clerk is DIRECTED to unseal this case.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.     BACKGROUND**

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) ("Compl. Form") completed in handwriting, a handwritten 40-page supplement to the complaint (D.E. 1-2) ("Supp. to Compl."), and 13 pages of exhibits (D.E. 1-3 to 1-15).[2] It appears that plaintiff has named 35 defendants, although it is difficult to determine the precise number with any certainty given the manner in which the defendants are listed in the complaint. (*See* Supp. to Compl. 1). The named

---

[1] Because plaintiff included his motion to seal in the 40-page supplement to the proposed complaint (*see* D.E. 1-2), the Clerk docketed a second copy of the supplement as a motion to seal at D.E. 2.

[2] Six pages of the exhibits are handwritten lists of license plate numbers organized, in some fashion, by date, time, and location and contained other various marginal notations. (*See* D.E. 1-4, 1-5 to 1-12, 1-14). Plaintiff included similar lists of license plate numbers in a prior action he filed in this court, which was dismissed due to lack of subject matter jurisdiction. *See Brett v. Lauff*, No. 5:11-CV-537-BR (4 Oct. 2011). The remaining exhibits include a 2004 signed statement from plaintiff's wife, Cheryl Brett, regarding a purchase of land in an auction (*see* D.E. 1-1), handwritten narratives or timelines of events (*see* D.E. 1-5, 1-6, 1-14), and handwritten motions that were filed in the Southern District of Florida (*see* D.E. 1-13, 1-15).

defendants include a retail store, churches, clergymen, law enforcement officers, lawyers, a law firm, and a variety of other individuals, including entire families. Some of the defendants are not named, but instead identified only by descriptions, such as "Unknown White Woman Florida Plate (Black Hat)" and "Red Head Cousin from Roxboro, Pa." (*Id.*). Plaintiff alleges jurisdiction under 28 U.S.C. § 1331, providing for federal question jurisdiction, and "13 U.S.C. #43."[3] (Compl. Form 2).

It is also difficult to discern the precise nature of plaintiff's claims. In general terms, plaintiff is apparently complaining that he is being defamed and subjected to various forms of harassment, including attempted murder.

The relief plaintiff apparently seeks is varied. In the complaint form, plaintiff indicates that he is seeking "injunction[s] from abuse" by both named and unnamed defendants (*see* Compl. Form 4). In the supplement to the complaint, he states that he is suing various named defendants for $1 million each (*see, e.g.,* Supp. to Compl. 4, 5).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

---

[3] Assuming plaintiff is referring to 13 U.S.C. § 43, it has no relevance to jurisdiction, but instead pertains to records and reports of cotton ginners.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

B.   **Failure of Plaintiff's Complaint to State a Claim**

The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. It is a rambling, disorganized collection of alleged transgressions against him by dozens

4

of persons and organizations going as far back as 1999. The alleged transgressions appear to have no connection with each other aside from the purported fact that plaintiff was the victim of them all.

For example, he alleges that both named and unnamed defendants have lied about his sexual orientation, called him "Forrest Gump," tried to kill him and his wife, tried to destroy his marriage and his painting business, broke into his apartment to scare him, illegally obtained his address to send him mail, and ejected him from a retail store parking lot for petitioning without permission of the owners. In a similar vein, the exhibits to the complaint consist of: six pages of license plate numbers of cars that plaintiff apparently observed near to him while driving (*see* D.E. 1-4, 1-5 to 1-12, 1-14)[4]; a 2004 signed statement from plaintiff's wife, Cheryl Brett, regarding a purchase of land in an auction (*see* D.E. 1-1); handwritten narratives or timelines of events (*see* D.E. 1-5, 1-6, 1-14); and handwritten motions that were filed in the Southern District of Florida (*see* D.E. 1-13, 1-15).

Because plaintiff's complaint fails to state a claim upon which relief may be granted, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

---

[4] Plaintiff included similar lists of license plate numbers in a prior action he filed in this court, which was dismissed due to lack of subject matter jurisdiction. *See Brett v. Lauff*, No. 5:11-CV-537-BR (4 Oct. 2011).

[5] The court notes that this action could be dismissed on the alternative ground of maliciousness pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Many, and possibly all, of the allegations in the complaint relate to matters that plaintiff has raised in numerous actions filed in both this court and in several other federal courts. Court records show that plaintiff has pursued, unsuccessfully, scores of cases in twelve different federal districts. A party's abuse of the legal process by repeatedly filing previously litigated claims can render an action subject to dismissal as malicious. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (holding that in determining whether an action should be dismissed as malicious under § 1915, "[a] plaintiff's past litigious conduct should inform a district court's discretion") (citing *In re McDonald*, 489 U.S. 180 (1989) (denying request to proceed *in forma pauperis* based, in part, on an abusive number of filings)); *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding that actions which seek to "merely repeat previously litigated claims may be dismissed as malicious").

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 18 March 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 25th day of February 2013.

_____
James E. Gates
United States Magistrate Judge